

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 9:17-2208-MGL-BM |
| | § | |
| PATRICIA RAY and JOEANNE TICE, | § | |
| Defendants. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

This action arises under 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court deny Plaintiff's motion for a temporary restraining order. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 17, 2018. ECF No. 24. On January 29, 2018, the Clerk of Court filed Plaintiff's Response to Report and Recommendation (Plaintiff's Response). ECF No. 27.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's Response fails to set forth any specific objections to the Report. Instead, Plaintiff's Response asserts the Court should not dismiss this case. The Report, however, recommends denying Plaintiff's motion for a temporary restraining order, not dismissal of this action. Because Plaintiff's Response fails to allege any specific objection to the Report, the Court need not—and will not—further address the content of Plaintiff's Response.

After a thorough review of the Report, Plaintiff's Response, and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Signed this 2nd day of March 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
